IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISAIAH HICKS, | § | |
| TDCJ-CID NO.1087433, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-06-2208 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
|     Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Isaiah Hicks, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2002 state court felony conviction for aggravated robbery. For the reasons that follow, the Court will dismiss the petition pursuant to 28 U.S.C. § 2244(d) because it is barred by the governing statute of limitations.

I.    PROCEDURAL HISTORY

Petitioner entered a plea of not guilty to four separate offenses of aggravated robbery in cause numbers 877475, 877477, 877797, and 877798 in the 185th Criminal District Court of Harris County, Texas. *Hicks v. State*, 2002 WL 31388902 (Tex. App.–Houston [1st Dist.] 2002, pet. ref'd). In a single trial, a jury found petitioner guilty of the four offenses. *Id.* The state district court found a deadly weapon was used in the commission of each offense and assessed punishment at sixty years confinement in TDCJ-CID in each case, with the sentences to run concurrently. *Id.* Petitioner's conviction in each case was affirmed on direct appeal and on April 2, 2003, his petition for discretionary review was refused. *Id.* Although petitioner did not file a petition for writ of *certiorari* in the United States Supreme Court, his time to do so expired ninety days after the petition for

discretionary review was refused. SUP. CT. R. 13.1. Thus, petitioner's conviction became final for purposes of federal habeas corpus review on or about July 1, 2003. *See* 28 U.S.C. § 2244(d)(1)(A).

On February 23, 2004, petitioner filed a state application for writ of habeas corpus on each cause in the state district court. (Docket Entry No.1). On May 11, 2005, the Texas Court of Criminal Appeals denied the applications without written order on the findings of the trial court without a hearing. Texas Court of Criminal Appeal website.[1]

Petitioner filed the pending federal petition for a writ of habeas corpus with this Court on June 28, 2006.[2] Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997). Petitioner seeks relief on the conviction in cause number 877475 on the following grounds:

1. The in-court identification testimony was inadmissible because it was tainted by an impermissibly suggestive pre-trial identification procedure;

2. Petitioner was denied the effective assistance of counsel; and,

3. The state district court erred by allowing testimony regarding inadmissible extraneous offenses.

(Docket Entry No.1). Petitioner indicates that he will file separate federal habeas petitions to challenge each state conviction. (*Id.*).

---

[1] www.cca.courts.state.tx.us/opinions/

[2] For statute of limitations purposes, the Court treats the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)). Petitioner dated the petition on June 28, 2006. Therefore, the Court will treat the date the petition was signed as the filing date in this case.

II.       ONE-YEAR STATUTE OF LIMITATIONS

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's federal petition was filed well after that date, the one-year limitations period applies to his claims. *Flanagan*, 154 F.3d at 198.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). Under the provisions of the AEDPA, petitioner's one-year limitation period began on July 1, 2003, the last day petitioner could have filed a petition for writ of *certiorari* in the United States Supreme Court. That date triggered the one-year limitations period which expired on July 1, 2004. Petitioner's state habeas application was filed on February 23, 2004, and was pending in state court for 443 days until May 11, 2005. A properly filed state writ application tolls the limitations period while the claim or judgment is pending in state court. 28 U.S.C. § 2244(d)(2); *Villegas v. Johnson*, 184 F.3d 467, 473 (5th Cir. 1999) (concluding petition filed in accordance with state's procedural filing requirements tolls one-year limitations period during pendency of petition). The pendency of this application tolled the limitations period for filing the federal application until September 17, 2005. Petitioner filed the pending federal habeas action on June 28, 2006, well after the expiration of the limitations period. Therefore, his federal habeas petition is untimely and subject to dismissal.

In response to the Court's order entered August 29, 2006, directing petitioner to file a written statement addressing the limitations bar and equitable tolling (Docket Entry No.4), petitioner contends that his petition is not time-barred and that he is entitled to equitable tolling of the limitations period. (Docket Entry No.5). Petitioner's contentions are without a legal basis.

First, petitioner claims his petition is not time-barred because his direct appeal was not final until mandate issued on May 14, 2003; therefore, he had until May 14, 2004, under AEDPA to seek federal relief. (*Id.*). Under Texas case law, a state criminal conviction does not become final until the state court of appeals issues its mandate of affirmance. *See Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000). A state court's determination of the finality of a conviction, however, does not control when a state court conviction is final for purposes of the federal statute of limitations. *Roberts v. Cockrell*, 319 F.3d 690, 693-695 (5th Cir. 2003). Petitioner's conviction

4

became final for purposes of AEDPA in this case by "the expiration of the time for seeking [direct] review" of his conviction, *i.e.*, on July 1, 2003, when the time for filing a petition for writ of *certiorari* expired.[3] *See id.* at 694. Therefore, under the AEDPA, petitioner had until July 1, 2004, to file his federal habeas petition.

The Court liberally construes petitioner's response to the Court's order to address the issues of limitations and equitable tolling as follows: Petitioner claims the pending petition is not time-barred because the Texas Court of Criminal Appeals and his appellate counsel created an impediment to filing a timely federal petition. Petitioner maintains that neither his appellate counsel nor the Texas Court of Criminal Appeals informed him of the disposition of his petition for discretionary review. (Docket Entry No.5). Petitioner also claims that the Texas Court of Criminal Appeals created an impediment to filing his federal petition timely because it failed to notify him of the disposition of his state habeas application. (Docket Entry No.5). Petitioner argues that by his calculation, he would have had three months after the May 11, 2005, deadline "to get into federal court" but because the state court did not inform him of the disposition of the state habeas application until May 2, 2006, he had three months from May 2, 2006, to file a habeas petition in federal court. (Docket Entry No.5). Petitioner claims his petition was timely because he filed the pending petition on June 28, 2006. (Docket Entry No.1).

The timeliness of petitioner's pending petition, however, is not calculated according to the state-created impediment provision under 28 U.S.C. § 2244(d)(1)(B). To invoke section 2244(d)(1)(B), a petitioner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law. *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th

---

[3] Even if petitioner's claim that he had until May 14, 2004, to file his federal habeas petition was correct, the pending petition would be untimely; petitioner would have had until July 21, 2005, to file his federal habeas petition.

5

Cir. 2003). Even if the Court were to consider ineffective assistance of appellate counsel as state action, such alleged ineffective assistance did not prevent petitioner from timely filing his federal habeas petition. Petitioner indicates that he was aware that his appellate counsel had filed a petition for discretionary review and petitioner filed a state habeas application within eight months of his final conviction under AEDPA.

Moreover, petitioner does not cite to any legal authority, and the Court has found none, that holds that the State's failure to notify an inmate of the disposition of a petition for discretionary review or a habeas application filed pursuant to state law violates the United States Constitution or federal law. *See Green v. Dretke*, Civil Action No. 3:02cv0395-D, 2004 WL 572358 (N.D. Tex. Mar. 22, 2004), *report and recommendation adopted by* Civil Action No.3:02cv0395-D, 2004 WL 941896 (N.D. Tex. Apr. 30, 2004). Further, petitioner makes no showing of a newly recognized constitutional right upon which the petition is based or a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, the one-year statute of limitations is calculated from the date petitioner's judgment of conviction became final.

Likewise, petitioner is not entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) because his state habeas application was not pending in state court from May 11, 2005, until May 2, 2006, the period in which he allegedly had no notice of the denial of his state applications. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that an application that has been denied does not remain "pending" during the time it takes to notify the applicant of the denial), *reh'g granted in part on other grounds*, 223 F.3d 797 (5th Cir. 2000). The Texas Court of Criminal Appeals denied his state habeas application on May 11, 2005.

Next petitioner contends he is entitled to equitable tolling of the limitations period. Petitioner maintains that he is entitled to equitable tolling from May 11, 2005, the date the Texas Court of Criminal Appeals denied his state habeas application until May 2, 2006, the date he was notified of

its disposition. (Docket Entry No.5). Petitioner maintains that he wrote the Texas Court of Criminal Appeals requesting information on the status of his habeas applications on February 4, 2005. (*Id.*; Docket Entry No.6). Thereafter, he received four white cards stating that his state habeas applications had been received by the Texas Court of Criminal Appeals. (*Id.*). He wrote a second inquiry letter on April 21, 2006. (*Id.*). On May 2, 2006, he received notice that his state habeas application had been denied. (*Id.*). Thereafter, on June 28, 2006, he filed the pending federal petition. (*Id.*).

Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). "Equitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Fisher v. Johnson*, 174 F.3d 710, 715, n.14 (5th Cir.1999). To be entitled to equitable tolling, a petitioner must diligently pursue his post-conviction relief. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). A habeas petition has the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797 (5th Cir. 2000).

A delay in receiving notification of the denial of a state habeas application may qualify for equitable tolling. *Phillips*, 216 F.3d at 511. In such an instance, the diligence of the petitioner is of foremost concern because "equitable tolling should only be applied if the applicant diligently pursues § 2254 relief." *Melancon*, 259 F.3d at 408. In this case, petitioner fails to show that he diligently pursued state and federal habeas relief. Petitioner waited almost eight months after his conviction was final to file his state habeas applications and almost two months after receiving notice of the disposition of the state applications to file the pending federal petition. *See Nelms v. Johnson*, 51 Fed. Appx. 482 (5th Cir. 2002) (not selected for publication) (noting that "court has found no case in which equitable tolling was granted after a petitioner had let ten months of the AEDPA limitations

7

period slip by); *Lookingbill v. Cockrell*, 293 F.3d 256, 264-65 (5th Cir. 2002) (finding four-day delay in filing federal habeas petition by death row inmate did not justify equitable tolling: courts focus "on the reasons for missing the deadline rather than on the magnitude of the tardiness"). Moreover, petitioner waited almost a year after he filed the state habeas applications before he requested information regarding the status of the applications and over a year more to inquire a second time about the status of the same applications in his letter of April 21, 2006.  (Docket Entry No.5). Petitioner offers no explanation for such delay.  *See Lewis v. Cockrell*, 275 F.3d 46 (5th Cir. 2001) (not selected for publication) (holding that a district court may properly consider the diligence of a petitioner both before and after he receives delayed notice of the denial of his PDR). Because petitioner has not demonstrated that he acted diligently while pursuing habeas relief in both the federal and state courts, he is not entitled to equitable tolling based on the Court of Criminal Appeals' alleged delay in notifying him of the denial of his state habeas application. *See Fisher*, 174 F.3d at 713 n.11 (noting that "[e]quity is not intended for those who sleep on their rights).

To the extent that petitioner contends that his appellate counsel rendered ineffective assistance by not informing him of the disposition of his petition for discretionary review (Docket Entry No.5), such contention does not justify equitable tolling.  "[M]ere attorney error or neglect is not an extraordinary circumstance" which warrants equitable tolling.  *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002).

Likewise, petitioner has not identified any additional circumstances that might warrant equitable tolling.  "[I]gnorance of the law or of statute of limitations is insufficient to warrant tolling."  *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000).  That petitioner proceeds without counsel likewise does not warrant equitable tolling.  *Id.* at 171.  Neither unfamiliarity with the legal process nor "lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).  Although petitioner is incarcerated and is

8

proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *Fisher,* 174 F.3d at 714.

Finally, petitioner argues that it would be a fundamental miscarriage of justice not to consider his grounds for federal habeas relief because he is actually innocent. (Docket Entry No.5). A claim of actual or factual innocence does not constitute a "rare and exceptional" circumstance, given that many inmates maintain they are innocent. *Felder*, 204 F.3d at 171. Moreover, petitioner has not presented any proof of his actual innocence. Therefore, he has not shown any entitlement to equitable tolling of the AEDPA limitations period.

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, subject to dismissal.

III.   CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also*

*Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable; therefore, a certificate of appealability from this decision will not issue.

IV.  CONCLUSION

Accordingly, the Court ORDERS the following:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. This cause of action is DISMISSED with prejudice.

3. A certificate of appealability is DENIED.

4. All pending motions, if any, are DENIED.

The Clerk shall provide a copy of this Order to the parties.

Signed at Houston, Texas, on this 8th day of January, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE